IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                                    PLAINTIFF

v.                                                                        CAUSE NO. 1:15CV346-LG-RHW

JOHN WHITE, JR.; RITA WHITE;
CHRISTOPHER JOE WILSON; and
BOBCAT TREE WORK, LLC                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY

BEFORE THE COURT is the [7] Motion to Dismiss, Or In the Alternative, Stay filed by Defendants John White, Jr., and Rita White, and joined in by Defendants Christopher Joe Wilson and Bobcat Tree Work, LLC. Defendants request that the Court abstain from deciding this declaratory judgment action involving insurance coverage brought by Plaintiff State Farm Mutual Automobile Insurance Company.

The Court has considered the submissions of the parties, as well as the factors outlined by the Fifth Circuit for deciding whether to abstain from a declaratory judgment action, and finds that the Motion should be denied. The Court will not dismiss or stay this coverage action in favor of the state court action involving only liability issues.

### BACKGROUND

In May 2015, Defendants John and Rita White filed a Complaint against Defendants Wilson and Bobcat "alleging personal injuries and a derivative claim for loss of consortium under circumstances caused by alleged negligence, gross

negligence and willful and/or negligent infliction of emotional distress." (*See* Am. Compl. 2 (¶9), ECF No. 3; *see also generally* State Court Compl., ECF No. 3-1).  In the state court case, the Whites allege that while working for Bobcat, Mr. White suffered injuries when "a portion of a felled tree collided with the elevated 'bucket' of a boom lift that was affixed to a truck and the force of the collision damaged the bucket in which he stood, resulting in his falling to the ground from an elevation of sixty-three (63) feet . . . ." (*See* Am. Compl. 2-3 (¶¶ 10-11); State Court Compl. 2-3 (¶¶ 5-6), ECF No. 3-1).  The Whites further allege that "Wilson is the owner and manager of Bobcat . . . ." (*See* State Court Compl. 1-2 (¶2), ECF No. 3-1).

Wilson had a commercial automobile liability insurance policy through State Farm ("the Policy").  Accordingly, State Farm agreed to defend Wilson and Bobcat under a reservation of rights.  On October 16, 2015, it also instituted this declaratory judgment action against Defendants to determine coverage.

However, on October 30, 2015, "Wilson and Bobcat, by and through their personal counsel, terminated the services of the attorney[s] hired by" State Farm after State Farm refused their request to withdraw the reservation of rights. (*See* Am. Compl. 4 (¶20), ECF No. 3).  The attorneys hired by State Farm thereafter withdrew from the state court case.

Wilson and Bobcat, through personal counsel, then agreed to the entry of judgment in the state court case in favor of the Whites in excess of $2.8 million, but at the same time entered into a Covenant Not To Execute and/or Enroll Judgment with the Whites.  The parties in that case also filed a Motion for Entry of Judgment.

State Farm subsequently moved to intervene and requested a stay of that case pending a rule on the coverage issues in this case. The state court denied the stay, but allowed the intervention.

According to the parties, as a result of State Farm's intervention, the Whites rescinded the Covenant Not To Execute and moved to withdraw the Motion for Entry of Judgment. Bobcat and Wilson also instituted a state court action against State Farm based on its intervention for alleged tortious interference and other causes of action. That action was removed to this Court (*see* Civil Action No. 1:15cv426-LG-RHW), and a Motion to Remand is pending therein.

Defendants contend that there is insurance coverage under Wilson's State Farm Policy for the Whites' injuries. State Farm claims that no coverage exists based on Policy exclusions, and that Wilson and Bobcat "fail[ed] to cooperate under the terms of the [P]olicy." (*See* Am. Compl. 5 (¶23), ECF No. 3). It has "request[ed] a judicial determination that it has no duty to defend or indemnify Bobcat or Mr. Wilson for any claims arising out of" the accident wherein Mr. White fell from the bucket of a truck. (*See id.* at 6 (¶32)). Defendants have moved the Court to abstain from deciding this action and, instead, to dismiss it. State Farm has opposed the Motion, and Defendants have replied.

## DISCUSSION

"The term abstention refers to judicially created rules whereby federal courts may not decide some matters before them even though all jurisdictional and justiciability requirements are met." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*

*Trotter*, No. 12-2064, 2013 WL 2369800, at *5 (E.D. La. May 29, 2013). The United States Supreme Court first announced in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), that a district court may abstain from hearing a declaratory judgment action involving issues of state law in favor of dismissal.

The Fifth Circuit "has established a three-step inquiry for a district court to consider when determining whether to dismiss a declaratory judgment action under" *Brillhart*. *See Trotter*, 2013 WL 2369800, at *2; *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003). The Court "must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams*, 343 F.3d at 387.

The parties agree – and the Court finds – that the first and second steps are satisfied. Therefore, the only issue before the Court is whether to exercise its discretion to decide or dismiss the action based on the following nonexclusive factors identified by the Fifth Circuit:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

>(5) whether the federal court is a convenient forum for the parties and witnesses;
>
>(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
>(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)).

The Court has broad discretion in deciding whether to hear an action based on these factors. *See Trejo*, 39 F.3d at 590; *see also Grain Dealers Mut. Ins. Co. v. McKnight*, No. 398CV7DA, 1999 WL 33537200, at *1 (N.D. Miss. Mar. 1, 1999) (discussing court's discretion). In considering these factors, the Court is of the opinion that it should not abstain from deciding this action. *See, e.g.*, *Trotter*, 2013 WL 2369800, at *5 ("[T]he doctrines of abstention are grounded in rules of comity and federalism, created to prevent unnecessary intrusion by the federal court into a state's power to hear and decide state law issues. Nevertheless, given that all *Trejo* factors counsel in favor of exercising the Court's jurisdiction, abstaining under *Brillhart* is not warranted.").

**(1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated**

"There is no per se rule against a federal court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court." *Northfield Ins. Co. v. Adams*, 158 F.3d 584, *3

(5th Cir. 1998). While the state court could litigate the coverage issues presented here, this factor alone does not warrant abstention. *See Canal Ins. Co. v. Smith*, 208 F.3d 1006, *5 (5th Cir. 2000) ("[Defendant] notes that [plaintiff] could have possibly litigated the insurance coverage issue in the state court proceeding . . . . However, even if this is true, this fact alone does not mandate that the district court stay the federal proceedings.").

Rather, the state court action only involves the underlying liability of Wilson and Bobcat, if any, to the Whites; "the issue of coverage has not been raised in the state court action."[1] *See St. Paul Fire & Marine Ins. Co. v. Delta Kappa Chapter of Alpha Phi Alpha Fraternity, Inc.*, No. 5:06cv55-KS-JMR, 2006 WL 2882288, at *2 (S.D. Miss. Oct. 5, 2006) (declining to abstain); *Grain Dealers*, 1999 WL 33537200, at *2 (declining to abstain where, among other factors, the declaratory judgment action before the court addressed "the sole issue of coverage[,]" and none of the pending state actions included the issue of coverage); *see also Sherwin-Williams*, 343 F.3d at 392 ("A district court may decline to decide 'a declaratory judgment suit where another suit is pending in a state court presenting *the same issues*, not governed by federal law, between the same parties.'") (citation omitted) (emphasis added). "[A] state court decision on the issues of . . . liability . . . would have no

---

[1] Defendants rely heavily on *Colony Ins. Co. v. Ambling Management Co., LLC*, 965 F. Supp. 2d 783 (S.D. Miss. 2013). However, in *Colony*, unlike here, the declaratory defendants had already filed a motion for declaratory relief in the state court "attempting thereby to present the insurance coverage issue to the state court for resolution." *Id.* at 790.

direct bearing on the insurance company's duty to defend and the scope of policy coverage; a federal decision on the insurance issues would likewise have no impact on the state court liability issues." *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373-74 (5th Cir. 1998) (reversing district court's decision to abstain).

Furthermore, State Farm's intervention in the state court action does not mean that the state court will also be deciding coverage issues. State Farm did not seek to intervene in the state court action until *after* it filed this declaratory judgment action, and specifically requested that the state court stay that action until the coverage issues could be decided. The state court's denial of that request does not equate to the state court deciding coverage issues which are not before it.[2]

**(2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant**

"[T]here is no evidence that [State Farm] filed for declaratory judgment in anticipation of a declaratory lawsuit being filed by" Defendants. *See Canal*, 208 F.3d at *5. State Farm "did not attempt to short-circuit [the Whites'] liability action in state court by a 'race to res judicata.'" *Id.* (citation omitted); *see also Sherwin-Williams*, 343 F.3d at 399 ("There is also no evidence that the declaratory

---

[2] There is no improper claim splitting, as argued by Defendants. State Farm did not bring the pending state court action, and its intervention therein was not to request that the state court decide the coverage issues that it has already asked this Court to decide. *See Carpenter v. Kenneth Thompson Builder, Inc.*, No. 2011-CT-01028-SCT, 2014 WL 4100003, at *2 (Miss. Aug. 21, 2014) ("Claim-splitting . . . occurs when a plaintiff attempts to bring a duplicative action involving claims arising from a single body of operative facts against the same defendants.").

judgment defendants had been restricted from filing state court actions, averting the possibility that [the insurer] was engaged in a race to *res judicata*.") (citation and quotation marks omitted). Instead, it appears that State Farm filed this action not in anticipation of one by Defendants, but in response to the state court action. *See, e.g.*, *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006); *Grain Dealers*, 1999 WL 33537200, at *2.

The Court is not persuaded by Defendants' argument that State Farm was engaging in procedural fencing by filing this action before Defendants "could file claims against State Farm for tortiously interfering with entry of a judgment against Bobcat and Wilson . . . ." (Defs.' Mem. 13-14, ECF No. 8). State Farm has not asked this Court to decide any issues related to whether it tortiously interfered with the judgment. The only issue before this Court is whether State Farm has a duty to defend and indemnify Wilson and Bobcat, which is unrelated to the issues in the second state court case (now pending in federal court). Regardless, "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *See Sherwin-Williams*, 343 F.3d at 397.

**(3) Whether the plaintiff engaged in forum shopping**

An insurer does not engage "in improper forum shopping merely by filing a declaratory action in federal court availing itself of diversity jurisdiction." *AXA*, 162 F. App'x at 320-21. "There is no evidence that [State Farm] brought its declaratory

8

judgment action in search of more favorable law." *See Sherwin-Williams*, 343 F.3d at 399.  It agrees that Mississippi law applies.  *See id.* ("The selection of the federal forum in this case did not change the law that would apply; [the insurer] brought the suit in Mississippi federal court, against Mississippi defendants.  Mississippi law would apply to the claims between the parties, whether in federal or state court.").

**(4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist**

Again, the coverage issues in this action are distinct from the liability issues in state court.  Therefore, State Farm has "not inequitably gain[ed] precedence in time or change[d] a previously selected forum for the declaration it s[eeks]."  *See AXA*, 162 F. App'x at 321; *see also St. Paul Fire & Marine*, 2006 WL 2882288, at *2 ("[N]o preference or precedence will be gained by [the insurer] in proceeding with this action.  It is merely an action to determine whether or not there is coverage and an obligation to provide a defense to the . . . Defendants.").

**(5) Whether the federal court is a convenient forum**

Both this Court and the state court are located in the same county.  Therefore, this factor is neutral.  *See, e.g.*, *United Nat'l Ins. Co. v. Jackson Redevelopment Auth. Bd. of Comm'rs*, No. 3:14-cv-466-CWR, 2015 WL 144930, at *2 (S.D. Miss. Jan. 12, 2015).

## (6) Whether retaining the lawsuit would serve the purposes of judicial economy

There is currently no "action seeking to determine coverage issues" in state court, "and it would be preferential to resolve [such] issue[s] early in this currently pending action." *See St. Paul Fire & Marine*, 2006 WL 2882288, at *2. This is not like the situation in *Colony Ins. Co. v. Ambling Management Co., LLC*, 965 F. Supp. 2d 783 (S.D. Miss. 2013), where if the Court were "to retain jurisdiction over this lawsuit, the coverage issues that [the insurer] asks this [C]ourt to decide would be simultaneously litigated by the state and federal courts[, which] would not serve judicial economy." *See id.* at 791.

Here, there would first need to be an intervening complaint for declaratory judgment in the pending state court case or commencement of a new declaratory judgment action in state court. "Either of these options would be less efficient and more economically burdensome than if this [C]ourt was to decide the declaratory judgment action." *Grain Dealers*, 1999 WL 33537200, at *2.

Nevertheless, although the state court has never been asked (through a complaint, motion, or otherwise) to decide the coverages issues, Defendants argue that judicial economy is thwarted because duplicative discovery will take place. It appears that discovery has not yet begun in the state court case or, if it has, it is in its early stages, so there is no reason that the parties cannot agree to use discovery

in the state court proceeding in this proceeding or vice versa.[3] This factor does not weigh heavily in favor of abstention.

**(7) Whether the federal court is being called on to construe a state judicial decree**

Defendants do not address this factor, but cannot reasonably dispute that the Court is not being called on to construe a state judicial decree in this coverage dispute. This factor is, at best, neutral.

### CONCLUSION

The Court is of the opinion that the *Trejo* factors weigh in favor of the Court exercising its discretion to entertain State Farm's declaratory action.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss, Or In the Alternative, Stay filed by Defendants John White, Jr., and Rita White is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[3] State Farm represents that its intervention was "for the purpose of using discovery relevant to both proceedings." (Pl.'s Mem. 8, ECF No. 15).